Steven A. McMILLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 65878.

Missouri Court of Appeals,
Western District.

May 30, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 2006.

Application for Transfer Denied
Aug. 22, 2006.

Steven A. McMillen, Sr., Jefferson City, pro se.

Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Steven McMillen appeals the denial of his *pro se* Motion to Vacate, Set Aside or Correct Void Judgment or Sentence filed in the Circuit Court, asserting its viability according to Supreme Court Rule 29.05. Mr. McMillen pleaded guilty on March 26, 1997, to two counts of statutory sodomy, Section 566.062;[1] three counts of child molestation in the first degree, Section 566.067; and two counts of incest, Section 568.020. He was sentenced to consecutive terms of life, seven years, and five years imprisonment, respectively. Following his sentencing, Mr. McMillen filed his *pro se* Rule 24.035 post conviction motion and was appointed counsel, who filed an amended motion. The motion was denied following a hearing on March 13, 1998, and the motion court's judgment was affirmed on appeal. Mr. McMillen filed his *pro se* Motion to Vacate, Set Aside or Correct Void Judgment or Sentence some eight years later, which was denied without a hearing.

## Point on Appeal

Mr. McMillen asserts on appeal that the court erred when it denied his petition to set aside the judgment of convictions following his guilty pleas and sentencing in violation of the Fifth and Fourteenth Amendments to the United States Constitution. In contravention of Rule 84.04, he does not state why. Mr. McMillen's brief fails to articulate a complete understandable legal point, legal authority, and analytical argument for this court to understand his claim and to render an opinion. Mr. McMillen's brief, therefore, does not substantially comply with Rule 84.04. Mr. McMillen's initial brief was stricken for failure to comply with the provisions of Rule 84.04, and he was permitted to file the amended brief now considered by this court.

As best can be understood, Mr. McMillen's brief asserts in the section titled "argument" that Rule 29.05 is the authority granting the motion court jurisdiction to consider his motion, which effectively constitutes a second unauthorized Rule 24.035 motion. He lists seven items, apparently as a basis for his claim, each without supporting factual or analytical statement. He asserts that the judgment of convictions was void because no factual statement supported his pleas of guilty, and, therefore, the court retained jurisdiction of the case because a valid judgment was not entered. Thus, he claims, the court can act under Rule 29.05, which states: "The court shall have power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." Assuming, *arguendo*, that the court has jurisdiction to consider Mr. McMillen's claim, review of

---

**1.** All statutory citations are to RSMo 1994    unless otherwise indicated.

the guilty plea hearing transcript, which is a part of the legal file, shows that a sufficient factual basis was made for each of Mr. McMillen's guilty pleas, and his claim is without factual support.

For failure to comply with Rule 84.04, the appeal is dismissed.

All concur.